## In re SALUDES LUMBER CO., Inc.

### Petition of MARTELLIERE et al.

(District Court, E. D. New York.   May 27, 1921.)

Bankruptcy ⬤91(2)—Verdict sustaining petition held supported by evidence.
    Evidence *held* to sustain the verdict of a jury finding that an alleged
    bankrupt was insolvent and had committed acts of bankruptcy, and
    that petitioners had provable claims.

In Bankruptcy.   In the Matter of the Saludes Lumber Company, alleged bankrupt.   Petition of Oscar M. Martelliere and others, creditors, for allowance of claims.   On motion to set aside verdict of jury on trial of issues raised by petition.   Denied.

G. R. Westerfield, of New York City, for petitioning creditors.
James A. Turley, of New York City, for alleged bankrupt.

GARVIN, District Judge.   This is a motion to set aside the verdict of a jury, rendered after a trial of issues raised by a petition in bankruptcy and answer of the alleged bankrupt.   The jury has found that the alleged bankrupt was insolvent.   This does not appear to be seriously questioned, but in any event there was ample evidence to justify such a finding.   The jury has also found that the three petitioning creditors, Kemper, Andrews, and Martelliere, had provable claims against the bankrupt.   Only Martelliere's claim is questioned.

The petition, which alleged that claim to be for $1,340, moneys advanced, was amended at the trial so as to include an additional claim for $1,713.76, based upon an indorsement over to him of a trade acceptance for which he had advanced the money to the bankrupt, and which trade acceptance had proved to be without value.   With regard to the original claim for $1,340 for money loaned, it appears that Martelliere had agreed to purchase certain stock of the alleged bankrupt for the last-mentioned sum, and that he had actually paid over that amount, receiving in return only six certificates of stock, of the par value of $100 each.   A valid claim for $740 remains, which I think may be considered as a loan, in addition to the claim for $1,713.76, which seems to be clearly established as an unconditional liability or indebtedness to Martelliere.

The alleged bankrupt urges that the finding of the jury that the acts of bankruptcy alleged in the petition were not proved was not warranted by the evidence.   The petition alleges that the bankrupt had paid about $10,000 to various creditors, for the purpose and with the intent of preferring such creditors, and had assigned to creditors property amounting in value to about $1,195 with like purpose and intent.   The jury has found that such preferences have been established, and it appears to me that upon the whole record there is sufficient evidence to warrant a finding that an act of bankruptcy has been committed.   There was ample proof that the alleged bankrupt had assigned to various creditors accounts aggregating more than $10,000.   This is in

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

substance a payment, and I think the proof so nearly conformed to the pleading that it would amount to a miscarriage of justice to set aside a verdict on that ground. The proof showed the transfer of a Ford sedan under such circumstances as amply justified a finding that a preferential transfer of property had been made.

Motion to set aside verdict denied.